IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| IRIS G. JACKSON, | ) | |
| | ) | CIVIL ACTION NO. 3:05-1901-CMC-BM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| PALMETTO BAPTIST HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, presumably under 42 U.S.C. § 1983. Plaintiff complains about the treatment she received at the Defendant's emergency room on or about February 2003, when she was admitted to the psychiatric wing of the hospital and administered sedatives without her permission.

The Defendant filed a motion to dismiss for lack of jurisdiction on July 19, 2005. As Plaintiff is proceeding pro se, a Roseboro order was entered that date advising Plaintiff of the importance of a dispositive motion and of the necessity for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendant's motion may be granted, thereby ending her case. Plaintiff has not filed a formal response to the Defendant's motion, although she has submitted several letters to the Court with attachments. Defendant's motion is now



before the Court for disposition.[1]

### Discussion

Plaintiff alleges in her verified Complaint[2], in toto, as follows:

I, Iris Gilmore Jackson, was taken by EMS to Palmetto Baptist Hospital on February, 2003; c/o leg pain/cramps. Dr. Herbert Sammonds was the attending physician in the Emergency Department. On January 3, 2005 I requested a copy of this visit. After reviewing the Emergency Room (ER) visit documentation, I noted that dose of potassium and a cat scan was not documented but was administered to me by the ER doctor. The diagnosis written was paranoid behavior and was not explained in these records by Dr. Sammonds. To this day, I do not know the reason he has written this in my records or required an admission to a locked floor. While on the locked floor, a sedative was administered. I requested to be discharged. The nurse and Dr. Forsthoelfel forced me to stay. Dr. Forsthoelfel made a phone to me at the unit and asked me the question as to why I was admitted to this unit. I stated that I did not know. I c/o leg pain, eyes not being able to focus after being on Geodon; nothing was done medically to relieve my discomfort. I was threatened by Dr. Forsthoelfel by stating that he would institutionalize me just because. Dr. Jay Taylor was contacted by Ms. Hinson, patient liaison. Dr. Taylor typed up a letter with a Florida address only to mail it to a post office box that is Bryan Jackson (see attached).

Plaintiff seeks monetary damages. See generally, Verified Complaint.

In its motion to dismiss, Defendant argues that it is entitled to dismissal of this action as it is not a "person" subject to suit under § 1983, and there is no other basis for jurisdiction in this Court for this lawsuit.

With respect to the letters Plaintiff has sent to the Court since the filing of the motion

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



to dismiss, the undersigned finds that none of this correspondence addresses the issue raised by Defendant in its motion.   Plaintiff's letter (Court Document No. 13) deals with apparent attempts by the Plaintiff to obtain Social Security Benefits, and a withdrawal by her of this request. Plaintiff's letter (Court Document No. 15) deals with x-rays and medical attention she has received for right hip pain, and that a "Dr. Michael Coleman" in Plant City, Florida has been negligent with respect to her care.  Plaintiff's letter (Court Document No. 16) is a copy of this same letter (Court Document No. 15).

When considering a motion to dismiss pursuant to Rule 12, the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  As the Plaintiff is proceeding pro se, her pleadings are considered pursuant to this liberal standard.  However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful consideration of the arguments and other materials before this Court in this case, the undersigned is constrained to agree



with the Defendant that it is not subject to suit under § 1983, that there is no other jurisdictional basis for maintaining this action in this Court, and that this action should therefore be dismissed.

First, although the forced administration of psychiatric medications may present a colorable claim under § 1983 under certain circumstances; see Washington v. Harper, 494 U.S. 210, 222 (1990); Plaintiff has failed to set forth sufficient facts or information to present a colorable claim against this Defendant.  Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter *state actors* from using their badge of authority to deprive individuals of their federally guaranteed rights, and to provide relief to victims.  See McKnight v. Rees, 88 F.3d 417 (6th Cir. 1996).  Hence, in order to state a cause of action under § 1983, a plaintiff must allege *both* that 1) the Defendant deprived him or her of a federal right, and 2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The Defendant here is a building, and the applicable caselaw clearly holds that inanimate objects, such as buildings, facilities, and grounds, are not "persons" and do not act under color of state law.  *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) [California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."]; Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989) ["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."].  Since the Palmetto Baptist Hospital is not a "person" subject to suit under 42 U.S.C. § 1983, it is therefore entitled to dismissal as a party Defendant.



4

Finally, it is possible that Plaintiff has intended to file this action asserting state law claims, such as negligence or medical malpractice. Defendant correctly notes in its motion to dismiss that there is no basis for finding the existence of diversity jurisdiction such as to allow Plaintiff to proceed with any state law claims against this Defendant in federal court. See 28 U.S.C. § 1332. Therefore, with respect to any remaining state law claims which Plaintiff has or may have intended to assert in this action, it is recommended that any such claims be dismissed, without prejudice. This will allow Plaintiff to pursue any such claims in state court, if she desires to do so. United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). See also Jinks v. Richland County, 123 S.Ct. 1667 (2003).

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted**, and that Plaintiff's claims asserted under § 1983 be **dismissed**, without prejudice.[3] It is further recommended that any remaining state law claims which Plaintiff has or may have intended



[3]While a private corporation is also not a "person" subject to suit under § 1983, as the undersigned has recommended dismissal of this action on other grounds as set forth hereinabove, supra, no finding has been made as to whether the Palmetto Baptist Alliance, which operates the Palmetto Baptist Hospital, is a public entity for purposes of a § 1983 damages lawsuit. See Order filed July 14, 2005, at n. 2. The undersigned has, as a consequence, also made no finding as to whether any individual physicians or other employees at Palmetto Baptist Hospital may be subject to suit under § 1983. Dismissal of Plaintiff's § 1983 claim should therefore be without prejudice.

to assert in this action also be **dismissed**, without prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October  20,  2005

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

